UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CEDRIC A. SEWELL, SR.,<br><br>Defendant. | No. 2:14-cr-00270-TLN<br><br><br>**ORDER** |

This matter is before the Court on Defendant Cedric A. Sewell, Sr.'s ("Defendant") Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i). (ECF No. 21.) The Government filed an opposition. (ECF No. 28.) Defendant filed a reply. (ECF No. 37.) For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

On December 11, 2014, Defendant pleaded guilty to all counts of a four-count indictment. (ECF No. 9.) Count One charged possession with intent to distribute over 5,000 grams of heroin in violation of 21 U.S.C. § 841(a)(1). (ECF No. 6.) Count Two charged possession with intent to distribute over 200 grams of cocaine in violation of 21 U.S.C. § 841(a)(1). (*Id.*) Count Three charged possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c). (*Id.*) Count Four charged felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (*Id.*) On May 28, 2015, the Court sentenced Defendant to a 211-month term of imprisonment to be followed by a 60-month term of supervised release. (ECF No. 19.) Defendant is currently serving his sentence at Federal Correctional Institution ("FCI") Lompoc. He has served approximately 80 months of his 211-month sentence, and his projected release date with good conduct time is February 28, 2029.

On August 31, 2020, Defendant filed the instant *pro se* motion for compassionate release. (ECF No. 21.) Defendant requests the Court reduce his term of imprisonment to time served with a period of home confinement due to the COVID-19 pandemic. (ECF No. 21 at 6.) Defendant is 57 years old and claims he is at an elevated risk for severe complications from COVID-19 because he suffers from multiple medical conditions, including type 2 diabetes, obesity, and hypertension. (*Id.* at 3–4.) Defendant cites the conditions of his confinement as an additional factor in his vulnerability. (*Id.* at 2.) In opposition, the Government admits Defendant's obesity and type 2 diabetes are potentially qualifying medical conditions in light of COVID-19. (ECF No. 29 at 8.) Regardless, the Government argues the Court should deny Defendant's motion because Defendant is a continuing danger to the community and the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors do not support a reduced sentence. (*Id.* at 12–13.)

### II. ANALYSIS

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

In the instant case, it is undisputed that Defendant has met the threshold exhaustion requirement. Defendant made several requests to the warden in July 2020. Because more than 30 days have elapsed since July 2020, Defendant has met the exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A).

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13, cmt. n. 1(A). More specifically, the "extraordinary and compelling" requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

Defendant's medical records — filed under seal — confirm that Defendant suffers from multiple health conditions, including obesity, type 2 diabetes, and hypertension. The Centers for Disease Control and Prevention has identified these conditions as high-risk factors for COVID-19 complication. *See generally* Centers for Disease Control, Coronavirus Disease 2019 (COVID-19), People Who Are at Higher Risk, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited November 12, 2020). However, the Government emphasizes that Defendant already contracted and recovered from COVID-19. (ECF No. 28. at 9.) The Court agrees that it is encouraging that Defendant

recovered with no symptoms or complications. It also bears mentioning that although there was previously a significant outbreak FCI Lompoc (two inmates died and 711 inmates recovered), the BOP currently reports zero active inmate cases of COVID-19 at the facility. As such, Defendant's concerns are arguably too speculative at this time. *See United States v. Eberhart*, 448 F. Supp. 3d 1086, 1090 (N.D. Cal. 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement.").

Assuming, without deciding, that Defendant satisfies the "extraordinary and compelling" requirement, the Court denies Defendant's request for compassionate release based on the danger Defendant poses to the community and the § 3553(a) factors.

To be eligible for compassionate release, Defendant must demonstrate that he is "not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Defendant argues he no longer poses a danger to the community based on the following evidence: (1) the extraordinary community support as reflected by more than a dozen letters supporting his release; (2) his exemplary record in prison; (3) his steady and consistent self-improvement while in prison; (4) his *pro se* release plan; and (5) the detailed release plan drafted by the Federal Defender's Office. (ECF No. 37 at 6.)

While the Court commends Defendant's efforts to rehabilitate himself while in prison, those efforts do not persuade the Court that Defendant no longer poses a danger to the community. Defendant's convictions include trafficking large quantities of drugs, as well as the illegal possession of firearms. More specifically, agents located a considerable amount of contraband during the search of Defendant's residence: a drug pay/owe sheet; a money counter; 5,218.54 kilograms of heroin; 211.7 grams of cocaine; $67,646 in cash; and a variety of manufacturing and distribution indicia. Agents also found ammunition and five firearms: a Taurus .38 special revolver; a Ruger Blackhawk .357 Magnum revolver; a Colt Frontier .22 revolver; a Glock Model 21 .45 ACP semiautomatic pistol with a high capacity magazine (which had been reported stolen from a BART police officer by the Oakland Police Department); and a Stag Arms AR-15 assault rifle containing a flash suppressor. The presentence report also

indicates Defendant has a lengthy criminal history that includes illegal firearm possession and drug trafficking offenses, and that Defendant was still on probation for a 2011 burglary conviction at the time of his 2014 offenses.  Based on the nature and circumstances of the offense and Defendant's criminal history, Defendant fails to demonstrate he is not a continuing danger to the community.

In addition, the Court must consider the § 3553(a) factors before granting compassionate release.  *See* 18 U.S.C. § 3582(c)(1)(A).  The sentencing guidelines range in this case was 151 to 188 months of imprisonment for Counts One, Two, and Four, plus five years to be consecutively served for Count Three.  The Court sentenced Defendant to a total term of 211 months, the low end of the guidelines range.  Defendant now seeks to reduce his sentence to time served despite having served only approximately 80 months of his sentence.  In other words, Defendant is seeking a reduction from a well-supported, low-end, 211-month sentence to a considerably lower 80-month sentence.  Based on the record before the Court, the § 3553(a) factors do not support such a drastic reduction.  Although the § 3553(a) factors specifically include the need to provide Defendant with medical care in the most effective manner, it appears FCI Lompoc has thus far been capable of adequately addressing Defendant's medical needs.  Therefore, Defendant's medical needs do not outweigh the other § 3553(a) factors that support a 211-month sentence.

### III. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release.  (ECF No. 21).

IT IS SO ORDERED.

DATED:  November 17, 2020

Troy L. Nunley
United States District Judge